UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Branson Jamal Thompson, #326685, | ) | C/A No. 5:15-cv-01568-TMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

Branson Jamal Thompson ("Petitioner"), a state prisoner, filed this pro se Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to

28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and

Recommendation ("Report") on Respondent's Motion for Summary Judgment and Return. ECF

Nos. 28. 29, and Petitioner's Motion for Summary Judgment. ECF No. 44. Pursuant to *Roseboro*

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment

and dismissal procedures and the possible consequences if he failed to respond adequately to

Respondent's Motion. ECF No. 30. Petitioner filed both a Motion for Summary Judgment and a

Response in opposition to Respondent's Motion. ECF No. 45. Respondent did not file a reply to

Petitioner's Response. Respondent's Return relative to Petitioner's Ground Three adequately

addresses the matters raised in Petitioner's Motion for Summary Judgment. Having carefully

considered the parties' submissions and the record in this case, the undersigned recommends that

Respondent's Motion for Summary Judgment be granted and that Petitioner's Motion for

Summary Judgment be denied.

I.    Procedural History

Petitioner is currently incarcerated at Lieber Correctional Institution, part of the South Carolina Department of Corrections prison system. Pet. 1, ECF No. 1. Petitioner was charged in Cherokee County with first-degree burglary, criminal domestic violence of a high and aggravated nature, and two counts of pointing and presenting a firearm resulting from an incident that occurred on May 8, 2009. App. 111-18.[1] On December 6, 2010, Petitioner, represented by Cherokee County Public Defender Don Thompson ("plea counsel"), appeared in Cherokee County General Sessions Court before Honorable Judge J. Mark Hayes ("plea judge") to enter a guilty plea to each of the charged crimes. The State was represented at the plea hearing by Attorney Michael Morin, an Assistant Solicitor, who informed the plea judge that the State had agreed to the plea and a negotiated 20-year sentence on the first-degree burglary conviction and concurrent sentences on the remaining convictions. App. 4. Upon questioning by the plea judge, Petitioner answered affirmatively when he was asked if his plea was being made "freely and voluntarily" and he denied that anyone had "threatened or promised [him] anything." App. 6. Petitioner told the plea judge that he was twenty-two-years old, that he understood the trial-related rights he was giving up by pleading guilty, and that he was satisfied with plea counsel's representation. App. 5-7.

After hearing from the State regarding the facts of the underlying charges and Petitioner's prior criminal record, plea counsel informed the plea judge that Petitioner contested one of the prior convictions mentioned by the State. Petitioner told the judge that what the State had said about the facts was only partially correct, specifically referring only to the prior third-degree

---

[1] Citations to "App." refer to the appendix of the record that was before the PCR court. It is on the docket of this case at ECF No. 29-1.

burglary conviction, which he denied having. He responded affirmatively when the plea judge said, "[s]o you believe that the solicitor is substantially correct in what he stated, even though you may disagree with some of the details of it?" App. 8-10. The plea judge then asked Petitioner if he understood the maximum sentences for the charges to which he was pleading guilty and that the domestic violence and burglary charges were considered "violent" offenses and that the burglary charge was also considered "a most-serious offense." Petitioner answered all questions about his understanding of the sentencing consequences of the plea affirmatively. App. 11. Petitioner also stated that he had been able to talk to plea counsel about the sentencing consequences of violent and most-serious crimes and told the plea judge that he was "in fact" guilty of all the charges to which he was pleading guilty. He also stated that all of his answers during the plea colloquy were truthful. App. 12. Following argument from plea counsel, including a statement to the effect that plea counsel had advised Petitioner not to take the negotiated plea but, instead, to plead "straight up" and testimony that Petitioner clearly understood that the negotiated sentence would have to be served without the possibility of parole and after a statement from Petitioner, App. 13-17, the plea court accepted the plea and imposed the negotiated 20-year sentence on the first-degree burglary conviction and concurrent ten-year and five-year sentences on the other three convictions, App. 17. Petitioner did not file a direct appeal.

Petitioner filed a post-conviction relief ("PCR") application on May 23, 2011, raising no grounds for relief, but requesting the right to amend the application. App. 19-26. Petitioner, through Attorney David C. Alford ("PCR counsel"), filed an amended application on January 17, 2013, raising the following grounds for relief:

3

As to Ineffective Assistance of Counsel:

    a.      Failure to advise as to right to an appeal.

    b.      Failure to advise that a jury trial could have considered a lesser charge to the Burglary First Degree, and absent this advice from his trial lawyer entered into the negotiated plea.

    c.      Failure to explain that aggravating circumstances as an element is duplicative of intent element, and not challenging the State'[s] duplicative reliance on the same of facts to prove different elements and charges..

    d.      Failure to advise that the negotiated Plea for 20 years also included community supervision requirements. <u>Jackson v State</u> holds that CSP disclosure is not required of trial counsel. However, when considered in conjunction with (b), the totality of the circumstance resulted in an uninformed basis for plea negotiation..

    e.      Failure to review and explain Rule 5 discovery, investigate potential state witnesses or other possible witnesses, alternate defenses, and elements of the charges prejudiced Petitioner by having inadequate information for electing the negotiated plea.

    f.      Failure to raise consent for entry as a defense, or to investigate potential witnesses.

    g.      Failure to investigate whether any State's witness was subject to intimidation.

    h.      Failure to conduct a mental evaluation as to petitioner's mental condition, i.e. hearing voices, delusional thoughts.

As to the Grand Jury,

    i.      Prosecutor misled the Grand Jury by misstating the crime was at night, and as to prior convictions by Petitioner.

    j.      African- Americans are systematically excluded from the selection process.

App. 29-30. On January 25, 2013, a second amendment to the PCR application containing the

identical grounds for relief was filed by PCR counsel. App. 32-33. *Thompson v. State*, No. 11-CP-11-0324. After the State filed its Return to the PCR application, App. 48-52, an evidentiary hearing was held on June 24, 2013 in Spartanburg, South Carolina before the Honorable Judge R. Lawton McIntosh ("the PCR court"). PCR counsel represented Petitioner and Assistant Attorney General Suzanne H. White represented the State at the hearing. App. 53. Petitioner and plea counsel testified at the hearing. App. 59-85, 85-93. Following the hearing, the PCR court issued an order of dismissal dated October 31, 2013. App. 100-10. Neither party to this case disputes that the PCR court's order accurately summarizes the testimony provided by the two witnesses at the PCR hearing. Thus, because the relevant portion of that order is quoted verbatim below, it is unnecessary for this court to provide a separate summary of the testimony given at the PCR hearing in this Report. The PCR court's order contains the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002)(citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v.

<u>Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674, 692 (1984); <u>Butler v. State</u>, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Butler</u>, <u>Id</u>. The Applicant must overcome this presumption to receive relief. <u>Cherry v. State</u>, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." <u>Cherry</u>, 300 S.C. at 117, 385 S.E.2d at 625 (citing <u>Strickland</u>). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Cherry</u>, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." <u>Johnson v. State</u>, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing <u>Strickland</u>).

With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart,</u> 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

<u>Failed to advise as to right to appeal</u>

The Applicant has alleged that he is entitled to a review of direct appeal issues pursuant to <u>White v. State</u>, 263 S.C. 110, 108 S.E.2d 35 (1974). Counsel has a constitutionally-imposed duty to consult with a defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. <u>Roe v. Flores-Ortega</u>, 328 U.S. 470, 120 S. Ct. 1029 (U.S.).

This Court finds that the Applicant failed to meet his burden of proof as to this claim. The Applicant never presented any testimony that he asked Counsel to file an appeal on his behalf. Based upon the standard set forth in <u>Roe v. Flores-Ortega</u>, this Court finds that Counsel was not required to advise Applicant as to the right to appeal, in particular because the Applicant pled to an agreed upon negotiated sentence. This claim is denied and dismissed.

<u>Failed to advise that the jury could have considered a lesser charge from burglary - 1st degree</u>

This Court finds that the plea court reviewed all the necessary elements of a voluntary plea with Applicant, including giving up the right to present a defense to the charges. Furthermore, Applicant's mother was prepared to testify and the Applicant acknowledged that the crime was committed at 4:00 am and that a shotgun was involved, which led to the burglary-1st degree charge. Therefore, this Court finds that the Applicant failed to meet his burden of proof as to this claim and it is denied and dismissed.

<u>Failed to explain elements of charges and failed to challenge State' s duplicative reliance on same facts to prove different elements and charges</u>

The only testimony presented in support of this claim was the assertion that Applicant would have proceeded to trial if Counsel had fully explained all of the elements of the charges. This Court does not find Applicant's testimony credible. As discussed previously, this Court finds that the plea colloquy was very thorough and the Applicant indicated that he understood his charges and the consequences of pleading to each of them. This Court finds that the Applicant has failed to meet his burden of proof as to this claim. Therefore, this claim is denied and dismissed.

<u>Failed to advise that the negotiated plea also included community supervision requirements</u>

This Court also finds that this claim should be denied because it lacks merit. The Supreme Court has addressed the issue of whether counsel was under a duty to advise his client of a community supervision program, made a condition of release after serving eighty-five percent of a "no-parole offense." <u>Jackson v. State</u>, 349 S.C. 62, 562 S.E.2d 475 (2002). The Supreme Court found the program was the functional equivalent of parole for other inmates. <u>Applying</u> <u>Griffin v. Martin</u>, 278 S.C. 620, 300 S.E.2d 482 (1983) and <u>Knox v. State</u>, 340 S.C. 81, 530 S.E.2d 887 (2000), the Supreme Court found that counsel is under no duty to advise a defendant about the community supervision program. <u>Id</u>.

This Court finds that Counsel is not required to advise the Applicant as to the community supervision requirements. However, even in light of no requirement of advisement, this Court also finds that the plea court gave a complete plea colloquy, where all potential sentences and consequences regarding violent and most-serious charges were discussed. Therefore, this claim is denied and dismissed.

<u>Failed to review and explain discovery materials, failed to investigate potential witnesses, alternate defenses and elements of charges</u>

This Court finds that the Applicant's testimony as to these allegations was not credible, while Counsel's testimony was credible. Applicant testified that he only met with Counsel two or three times in the week prior to trial. Applicant testified that Counsel brought him a copy of his discovery materials and Rule 5 materials, to which Applicant signed an acknowledgment of receipt, but claimed that Counsel never reviewed the materials with him. Applicant testified that he and Counsel never discussed any possible trial strategy.

Counsel testified that he represented the Applicant on these charges and on a probation violation charge. Counsel testified that he met with the Applicant to discuss the case and then the Applicant was sent to SCDC for the probation revocation. Counsel testified that Applicant was brought back to Cherokee County in November based upon a speedy trial motion that Applicant filed. Counsel testified that he met with the Applicant at that time and discussed the case and charges, at which time he provided Applicant with a complete set of discovery materials. Counsel then testified that he went back to review discovery materials with the Applicant a couple of days later. Counsel testified that he attempted to talk with three witnesses and was able to locate two of the three. Counsel testified that one of the three was a third party, but that witness was not a witness to the events inside the apartment. Counsel also testified that he spoke with Applicant's mother, who provided the same story that she had given police. Although Applicant's mother claimed to not have heard any gun shots, two empty shells were retrieved from the apartment.

Prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post-conviction relief. <u>Underwood v. State</u>, 309 S.C. 560, 425 S.E.2d 20 (1992); <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 982 (1991). The Applicant's mere speculation as to what a witnesses' testimony would have been cannot, by itself, satisfy his burden of showing prejudice. <u>Clark v. State</u>, 315 S.C. 385, 434 S.E.2d 266 (1993); <u>Glover v. State</u>, 318 S.C. 496, 458 S.E.2d 538 (1995). An Applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to established prejudice from the witness' failure to testify at trial. <u>Bannister v. State</u>, 333 S.C. 298, 509 S.E.2d 807 (1998).

To establish counsel was inadequately prepared, an Applicant must present evidence of what counsel could have discovered or what other defenses could have been pursued had counsel been more fully prepared. <u>Jackson v. State</u>, 329 S.C. 210, 481 S.E.2d 129 (1998); <u>Skeen v. State</u>, 325 S.C. 210, 481 S.E.2d

129 (1997) (applicant not entitled to relief where no evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial). The "brevity of time spent in consultation, without more, does not establish, that counsel was ineffective." Easter v. Estell, 609 F.2d 756, 759 (5th Cir. 1980). When claims of ineffective assistance of counsel are based on lack of preparation time, an Applicant challenging his conviction must show specific prejudice resulting from counsel's alleged lack of time to prepare. United States v. Cronie, 466 U.S. 648, 104 S. Ct. 2039 (1984); U.S. v. LaRouche, 896 F.2d 815 (4th Cir. 1990).

The Applicant failed to produce any witnesses or evidence that would support his claims. Applicant failed to demonstrate that there was anything that could have been discovered had Counsel done additional investigation. Applicant also failed to prove that there was any helpful testimony that could have been developed had Counsel spoken to all of the potential witnesses. Without any credible testimony or evidence to support his claims, this Court would have to engage in speculation to find that there was anything that Counsel failed to explain or investigate. Therefore, this Court finds that these claims are denied and dismissed.

<u>Failed to raise defense of consent for entry or investigate witnesses</u>

Again, as this Court noted earlier, the plea court reviewed with the Applicant all of his constitutional rights, including the right to a jury trial where Applicant could present a defense, and Applicant voluntarily waived all of those rights. Further, Applicant failed to offer any evidence to support a possible defense of consent, in light of the established facts of the case. Also, as indicated in the previous section, the Applicant failed to produce the testimony of any witnesses that he alleged Counsel failed to investigate to support that those witnesses would have offered any beneficial testimony. Therefore, these claims are denied and dismissed.

<u>Failed to investigate whether any State's witness was subject to intimidation</u>

As to this allegation, this Court finds that it lacks merit. There is absolutely no evidence in the record, or was there any evidence presented at the hearing to support any allegations of intimidation of witnesses. Therefore, this Court finds that this claim is denied and dismissed based on the Applicant's failure to meet his burden of proof.

<u>Failed to have a mental evaluation of Applicant obtained</u>

This Court also finds that the Applicant has failed to meet his burden of proof as to this claim. A criminal defendant is competent to enter his guilty plea if "the accused [has] sufficient capability to consult with his lawyer with a reasonable degree of rational understanding and [has] a rational as well as a factual understanding of the proceeding against him." Jeter v. State, 308 S.C. 230, 417 S.E.2d 594, 596 (1992). An Applicant challenging his competency to plead must prove this allegation by a preponderance of the evidence. Id.

An Applicant claiming that trial counsel was ineffective in failing to pursue this defense "must produce some evidence of insanity or showing that with the exercise of due diligence, an insanity defense could have been developed." Jeter v. State, 308 S.C. 230, 233-34, 417 S.E.2d 594 (1992). The Applicant must show that he was "unable to distinguish moral or legal right from wrong and to recognize the particular act charged as morally or legally wrong."

This Court finds that the Applicant produced no evidence or testimony to support his claim that Counsel should have obtained an evaluation of Applicant. The Applicant testified that he was not focused at the time of the plea and had been on drugs previously. Applicant also testified that he was going through a lot of stuff and was "hearing" stuff. However, Counsel testified that Applicant never indicated to him that there were any issues with his mental state. The Applicant offered no testimony or medical records to support a claim that he had ever or currently suffered from any mental incapacity. This Court finds that because there was no evidence or credible testimony to support any claims related to Applicant's mental competence, this claim is denied and dismissed.

## Violations Regarding Grand Jury

This Court finds that this claim is manifestly without merit. As noted at the beginning of the hearing, PCR Counsel expressed his concern as an officer of the court on proceeding on this meritless claim and indicated that he could not proceed. Therefore, the Applicant presented two documents in support of this claim, a letter to PCR Counsel requesting information regarding the grand jury and a print out of the court terms. Applicant testified that his indictment for burglary - 1st degree did not specify what crime he intended to commit within.

A presumption of regularity attaches to all proceedings in the courts of this State, and it is incumbent upon one who challenges a proceeding to prove his claims. *See, e.g.*, Tate v. State, 345 S.C. 577, 549 S.E.2d 601 (2001); Pringle v. State, 287 S.C. 409, 339 S.E.2d 127 (1986). The Applicant offered no credible evidence in support of this claim and no testimony which supported his claim. Therefore, this claim is denied and dismissed.

*Summary*

This Court finds that Counsel is an experienced attorney who was prepared for and effectively represented Applicant at his plea. This Court finds counsel adequately conferred with the Applicant, was thoroughly competent in his representation, and that Counsel's conduct does not fall below the objective standard of reasonableness.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test -- that Counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that Counsel committed either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of Strickland -- that he was prejudiced by Counsel's performance. There is no evidence that the outcome of the trial would have changed based upon any of the allegations of deficiency. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier *supra*. Therefore, this allegation is denied.

**CONCLUSION**

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 103-10. A *Johnson* petition for writ of certiorari seeking review of the PCR court's final judgment was submitted on Petitioner's behalf to the South Carolina Supreme Court on March 28, 2014. ECF No. 29-2; *Thompson v. State*, No. 2013-002471 (S.C.).[2] Appellate Defender David Alexander ("PCR appellate counsel") raised the following issue for the court's review quoted verbatim: "Whether defense counsel was ineffective in failing to advise petitioner that a

---

[2] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), addressing the procedures for counsel to follow when filing what they perceive to be meritless appeals in state PCR cases pursuant to *Anders v. California* and requesting to be relieved from representation.

11

jury could have considered a lesser charge from first-degree burglary?" ECF No. 29-2 at 3. Petitioner did not file a pro se supplemental brief. The Supreme Court of South Carolina issued an order on October 8, 2014, denying the petition for certiorari without written analysis of the point raised for review upon a finding that the petition was without merit and relieving PCR appellate counsel from representation. ECF No. 29-3. The remittitur was issued on October 24, 2014. ECF No. 29-4.

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> **GROUND ONE**: Ineffective Assistance of Counsel. Lawyer failed to advise me that a jury could have considered a lesser included offence on Burglary 1st Degree
>
> . . . .
>
> **GROUND TWO**: Counsel failed to review and explain discovery material. Ineffective assistance of counsel.
>
> . . . .
>
> **GROUND THREE**: Ineffective assistance of counsel. Lawyer failed to explain elements of charge

ECF No. 1 at 5-10.

B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is

appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

      C.      Habeas Corpus Standard of Review

      1.      Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

a.      Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). The Supreme Court has provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 563 U.S. 170 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 102. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id*.; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting

14

*Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by

"clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b.    Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id*. at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 563 U.S. at 190.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 181. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 182. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id*. at 179. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id*. at 180. The United States Supreme Court granted certiorari

16

and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 563 U.S. at 181. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." *Id*. at 182 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id*. (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." 562 U.S. at 101.

### 2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate, but related, theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas-corpus petition filed in this court before the petitioner has appropriately

exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that

have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing a PCR application. State law requires that all grounds be stated in the direct appeal or PCR application. SCACR 203; *see* S.C. Code Ann. §§ 17-27-10 through 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR application in South Carolina courts. A PCR application must be filed within one year of judgment, or, if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or to the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the

doctrine applied when a petitioner who seeks habeas-corpus relief as to an issue failed to raise

that issue at the appropriate time in state court and has no further means of bringing that issue

before the state courts. In such a situation, the person has bypassed his state remedies and, as

such, is procedurally barred from raising the issue in his federal habeas petition. Procedural

bypass of a constitutional claim in earlier state proceedings forecloses consideration by the

federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of

the state proceedings if the state has procedural rules that bar its courts from considering claims

not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second

appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a

direct appeal or a PCR application and the deadlines for filing have passed, he is barred from

proceeding in state court. If the state courts have applied a procedural bar to a claim because of

an earlier default in the state courts, the federal court honors that bar. As the United States

Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial
> decisions, but also the finality of those decisions, by forcing the defendant to
> litigate all of his claims together, as quickly after trial as the docket will allow,
> and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984). However, if a federal habeas petitioner can show both

(1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from

the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v.*

*Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a

petitioner has failed to comply with state procedural requirements and cannot make the required

showing of cause and prejudice, federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), *Teague v. Lane*, 489 U.S. 288, 297-98 (1989), *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996), and *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)). Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). To overcome a respondent's contention, it is a petitioner's burden to raise cause and prejudice or actual innocence. If not raised by the petitioner, the court need not consider the defaulted claim. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1362-63 (4th Cir. 1995).

### c.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96; *see Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner

may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. Pursuant to *Martinez v. Ryan*, an error by a prisoner's post-conviction counsel during his initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness claim if: (1) state law required the prisoner to wait until post-conviction review to raise *Strickland* claims; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that his post-conviction counsel was ineffective under the *Strickland* standard. 132 S. Ct. 1309, 1318-19 (2012).

3.      Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective-assistance-of-counsel claim. *Id*.

III.    Analysis

A.      Waiver and Procedural Bar

1.      Waiver

22

As an initial matter, the undersigned's review of Petitioner's Motion for Summary Judgment and his Response to Respondent's Motion does not disclose any reference to Ground One. Petitioner does not respond in any way to Respondent's contention that this Ground is "without merit" because of the PCR court's reasonable credibility determinations and in light of the transcript of the guilty plea proceedings and Petitioner's responses to the plea court's inquiries. ECF No. 29 at 27-30. Petitioner also does not discuss his Ground One in his own Motion for Summary Judgment. ECF No. 44. Because he presents no response to Respondent's Motion for Summary Judgment on Ground One in his Petition, the undersigned finds that Petitioner has waived this Ground. *See Petrucelli v. Dep't of Justice*, No. 11-1780(RBW), 2014 WL 2919285, at *7 (D.D.C. June 27, 2014 (prisoner case; citing *Maydak v. DOJ*, 579 F.Supp.2d 105, 107 and holding that lack of response to a point raised in a motion for summary judgment amounts to a concession of that point) (D.D.C. 2008); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir.2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). Accordingly, Respondent's Motion for Summary Judgment on Petitioner's Ground One should be granted.

### 2. Procedural Bar

Insofar as procedural bar is concerned, Respondent contends that Petitioner's Ground Two is partially procedurally barred to the extent that Petitioner argues that the indictments under which he was charged are void and that there was prosecutorial misconduct because those issues were not raised during the plea proceedings or by way of a direct appeal. ECF No. 29 at 18-20. Respondent also contends that application of the bar is not precluded by cause and actual prejudice or actual innocence because *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) is inapplicable

to bypass at the trial level and the facts described and acknowledged by Petitioner at the plea hearing clearly support his guilt as charged. *Id*. at 19-21. Petitioner responds that his Ground Two is not procedurally barred at all because he did not phrase the Ground "that way," i.e., as freestanding void-indictment or prosecutorial-misconduct claims. Instead, Petitioner contends that Ground Two states a claim of ineffective assistance of plea counsel due to his failure to adequately review the State's discovery material and realize that there were problems with the way the indictments were obtained and utilized. ECF No. 45-2 at 1.

The undersigned agrees with Petitioner's Response to Respondent's procedural bar argument and finds that no part of Ground Two is procedurally barred. As Petitioner asserts, Ground Two does, in fact, allege ineffective assistance of plea counsel with regard to the adequacy of his review of and discussion with Petitioner of the State's discovery material, including the indictments. The undersigned finds that, liberally construed, Ground Two does not state or attempt to state freestanding claims of constitutional violations from defective indictments or prosecutorial misconduct. Moreover, to the extent that there may be a reasonable construction of Petitioner's pro se Petition as raising such freestanding claims, the contents of his Response to Respondent's Motion for Summary Judgment in this regard constitute a waiver of such claims before this court. Accordingly, the undersigned will address below the merits of Petitioner's Ground Two as a claim of ineffective assistance of plea counsel due to failure to adequately review and discuss with Petitioner the State's discovery material.

      B.     Merits Analysis

              1.     Ground Two: Counsel failed to review and explain discovery material. Ineffective assistance of counsel.

a.     The Parties' Contentions

Respondent contends that the PCR court made a reasonable determination that Petitioner failed to prove that plea counsel was ineffective in his representation in this regard because the PCR court properly found plea counsel's PCR testimony about the issue more credible than Petitioner's. Respondent also contends that Petitioner's statements about his satisfaction with plea counsel's performance and his failure to challenge or raise any complaint about the indictments during or after the plea hearing support the PCR court's determination. Respondent further contends that Petitioner did not and cannot prove that he was prejudiced by any failure to review and discuss the indictments because Petitioner's contentions that they are void is legally incorrect. Respondent additionally contends that Petitioner presented no proof other than his own, self-serving testimony that there was any prosecutorial misconduct in connection with his case. ECF No. 29 at 30-34. Petitioner responds that had plea counsel adequately reviewed and discussed the State's discovery material, he would have seen that there were problems with the manner in which the indictments were entered against Petitioner and could have moved to "squash" them because they were not "filed with the Clerk of Court" and the "grand jury never convened" on his indictments. ECF No. 45-2 at 2. Petitioner contends that he was prejudiced by plea counsel's ineffective assistance because, if the problems with the indictment had been discovered and acted on, he would have gone to trial and would not have pleaded guilty. *Id*.

b.     Applicable Law

The Fourth Circuit has held that a PCR court's credibility findings are entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858-859 (4th Cir. 2003); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). The United States Supreme Court has ruled that

"federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The Fourth Circuit has also held that district courts should "accord appropriate deference" to the state PCR court's factual findings and that such findings are presumed to be correct and can only be overcome by the presentation of "clear and convincing evidence." *Watkins v. Rubenstein*, 802 F.3d 637, 643 (4th Cir. 2015) (citing 28 U.S.C. § 2254(e)(1) and *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011)).

Additionally, both the United States Supreme Court and the Supreme Court of South Carolina have held that indictments do not affect subject-matter jurisdiction and that subject-matter jurisdiction is the inherent power of a court to hear a certain class of cases. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *State v. Gentry*, 610 S.E.2d 494, 498-99 (S.C. 2005). The same court has held that a presumption of regularity attaches to all proceedings in the courts of this State, and it is incumbent upon one who challenges a proceeding to prove his claims. *See, e.g., Tate v. State*, 549 S.E.2d 601, 603(S.C. 2001); *Pringle v. State*, 339 S.E.2d 127, 128 (S.C. 1986).

c.    Discussion

Petitioner argues that he would not have entered a guilty plea in General Sessions Court had he been provided effective assistance of counsel with regard to the State's discovery material that he does not deny receiving from plea counsel. He asserted in his testimony at the PCR hearing that plea counsel did not discuss the discovery material with him, App. 61; however, plea counsel testified that he did discuss the discovery material with Petitioner. App. 86. The PCR court determined that plea counsel's testimony was more credible than Petitioner's in this regard,

26

App. 105, and the undersigned's review of the record discloses that the PCR court's credibility determination was not unreasonable. Moreover, Petitioner's presentation of a printout of Cherokee County court session dates, App. 99, and of a letter he wrote to PCR counsel citing to case law relating to challenges to indictments, App. 98, were inadequate to show that plea counsel's review and discussion of the State's discovery material and allegedly resulting failure to challenge the indictments in Petitioner's case amounted to ineffective assistance of counsel.

Even though applicable law holds that the validity of state-court indictments is not a cognizable issue in federal habeas actions, *see Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) (holding that petitioner's claim that a Virginia circuit court lacked jurisdiction over two counts in his indictment, the Fourth Circuit determined that his claim, "when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review"); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), because Petitioner's assertions about the indictments in the State's discovery material are inextricably intertwined with his claim of ineffective assistance, the undersigned independently reviewed the indictments in the record before this court. The indictments contain the signature of the grand jury forewoman and the date of January 21, 2010 on their face. They also each bear a "true bill" stamp and stamps showing the same case numbers as the case numbers shown on the transcript of Petitioner's plea hearing. App. 111, 113, 115, 117. The body of each indictment contains a listing of the elements of each crime charged, the date on which the crime occurred, and the signature of an assistant solicitor. App. 112, 114, 116, 118. The indictments are

completely regular on their face, while the letter that Petitioner produced at the PCR hearing to support his contentions of invalid indictments is nothing more than a statement of his personal, pro se opinion of the holding of a South Carolina appellate case, *Evans v. State*, 611 S.E. 2d 510 (S.C. 2005). It is not proof that anything is wrong with the indictments in Petitioner's case. Petitioner produced no competent evidence to contradict the regularity of the indictments or to show how plea counsel could have successfully challenged them. Thus, the undersigned finds that Petitioner did not sustain his burden of showing either that plea counsel was ineffective in not challenging the validity of the indictments or that he suffered any prejudice therefrom. Even if plea counsel had moved to quash the indictments on the ground that they were entered when court was not in session or that they were irregular on their face, he would have been unsuccessful, and, therefore, Petitioner fails to show any reasonable basis on which the PCR court could have found that he would have gone to trial had the State's discovery material been more fully reviewed or explained. The PCR court's determination that Petitioner failed to carry his burden of proof on the claim of ineffective assistance underlying Ground Two is not contrary to established federal law and is not based on unreasonable fact finding. Accordingly, Respondent's Motion for Summary Judgment should be granted as to Petitioner's Ground Two.

      2.      Ground Three: Ineffective assistance of counsel. Lawyer [and plea court] failed to explain elements of charge

      a.      The Parties' Contentions

Respondent contends that the PCR court's rejection of Petitioner's position on this Ground was reasonable and fully supported by the record of the plea hearing -- including Petitioner's testimony that he has not proved should be rejected -- and PCR counsel's credible

testimony at the PCR hearing. ECF No. 29 at 34-39, 42-43. Petitioner responds by moving for summary judgment on this Ground, citing three cases including *Boykin v. Alabama*, 395 U.S. 238 (1969), and asserting that his guilty plea was involuntary "as a matter of law" because both the plea court and plea counsel failed "to advise Petitioner of the key elements of the offense to which he was pleading . . . ." ECF Nos. 44; 45 at 1. Petitioner also asserts that he is actually innocent of the first-degree burglary charge because the incident occurred during daytime and he was given consent to enter the house, that the statements made against him are "false," and that the facts recited by the Assistant Solicitor during his plea hearing were not correct. ECF No. 45-1.

b.     Applicable Law

Where allegations of involuntary guilty pleas are concerned, the United States Supreme Court has held that a guilty plea is constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. at 31). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A plea is knowingly and intelligently made if a defendant is "'fully aware of the direct consequences'" of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by "'promises that are by their nature improper as having no relationship to the prosecutor's business.'" *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2

29

(5th Cir. 1957)). Because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977). Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents reasons why he should be allowed to depart from the truth of his statements. *Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975), *overruled on other grounds by United States v. Whitley*, 759 F.2d 327, 350 (4th Cir. 1985); *Edmonds v. Lewis*, 546 F.2d 566, 568 (4th Cir. 1976). Insofar as the review of claims of ineffective assistance of counsel raised by persons who pleaded guilty is concerned, the United States Supreme Court has stated,

> Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial . . . . The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance. . . .

*Premo v. Moore*, 562 U.S. 115, 132 (2011).

c.    Discussion

1.    The Plea Judge's Colloquy

Having reviewed the record, the undersigned finds that the PCR court's determination that plea counsel was not ineffective and that Petitioner's guilty plea was voluntary was entirely reasonable. Petitioner testified at the PCR hearing that he answered affirmatively to the plea court's questions during the plea hearing because that is what plea counsel said he needed to do. App. 72-73. However, neither PCR counsel nor the State explicitly examined plea counsel on that topic, and Petitioner did not otherwise develop evidentiary support for Petitioner's assertions

30

such as presenting additional witnesses' testimony or affidavits. Plea counsel did testify that he had "no doubt" that Petitioner "understood what was goin' on." App. 93. There is nothing in the record other than Petitioner's own self-serving, conclusory statements of "actual innocence" and "false" information that in any way negates the veracity of his statements during the plea hearing. In sum, Petitioner has not shown anything that would overcome the "strong presumption of veracity" carried by his statements at the guilty plea hearing of a voluntary, knowing, and intelligent decision to plead guilty. *See United States v. Morrow*, 914 F.2d at 614; *Turner v. Warden*, *Livesay Corr. Inst.*, No. 6:11-2692-RBH, 2012 WL 3834840, at *9 (July 27, 2012), *report and recommendation adopted*, 2012 WL 3834863 (D.S.C. Sept. 4, 2012). Thus, Petitioner is bound by his statements that he pleaded voluntarily, understood to the rights he was giving up by pleading guilty, was guilty of the crimes, and that he was satisfied with plea counsel's services. App. 6-8, 12.

As previously noted, referencing *Boykin* and two other cases without citations: "McCarthy v. U.S." and "Pittman v. State," Petitioner asserts that the plea court's failure to explicitly explain each of the elements of the crimes to which he pleaded was "fatal" to the voluntariness of his plea and rendered the plea involuntary "as a matter of law." ECF No. 44. However, Petitioner is incorrect in his analysis because the facts relative to the plea hearing conducted in Petitioner's case and those present in *Boykin* are clearly distinguishable.[3] Unlike this case, in *Boykin*, "the judge asked no questions of petitioner concerning his plea, and

---

[3] The same is possibly true of the other two cases that Petitioner cites; however, without complete citations to those cases, this court has been unable to review them to determine their applicability to this case or whether they, like *Boykin*, are distinguishable on the facts. A cursory search on Westlaw returned more than 100 different citations to cases named "McCarthy v. United States" and over 1,000 citations to cases named "Pittman v. State."

petitioner did not address the court." *Boykin*, 395 U.S. at 239. The plea court's discussion with Petitioner prior to his acceptance of the plea was considerably more detailed and informative than was the case in *Boykin*. Also, Petitioner was given a full opportunity to dispute or add to the State's recitation of the facts underlying the crimes to which he was pleading guilty, but he only brought up an objection to the assertion that he had another burglary on his prior record. App. 9-10. While he did say that only "some of it is incorrect," *id*., Petitioner did not use that opportunity to assert opposing facts relative to time of the crimes and consent to entry that he attempted to argue during the PCR hearing and in this court. The plea court gave a detailed explanation of and determined that plea counsel had previously discussed with Petitioner the sentencing consequences of Petitioner's pleading to crimes classified as "violent offenses" and "most serious offenses." Petitioner indicated affirmatively that those matters had been explained to him, but that he still wished to plead. App. 10-11. Also, a defendant who has entered a valid guilty plea has admitted his guilt and cannot challenge the sufficiency of the evidence presented as a factual basis for his guilty plea. *United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993). The record here discloses that the plea court's colloquy with respect to his determination that Plaintiff understood the charges was sufficient to show that the PCR court's rejection of this involuntary-plea claim was reasonable and did not depart from federal law as interpreted by the United States Supreme Court.

### 2.     Plea Counsel's Representation

Insofar as Petitioner argues in this Ground that his plea was involuntary because plea counsel was ineffective in his explanation of the elements of the charges to which he pleaded guilty, the undersigned finds that Petitioner cannot show that the PCR court's determination

otherwise was unreasonable. As stated above, plea counsel testified that he believed that Petitioner understood everything about the crimes to which he pleaded. He also testified that Petitioner did not seem to have any mental problems that prevented him from fully understanding "what was goin' on." App. 93. The PCR court had the opportunity to observe both Petitioner and plea counsel and found Petitioner not credible while finding plea counsel to be credible. On this record, that finding was reasonable and Petitioner has shown no reason for this court to reject that credibility determination. *Wilson v. Ozmint,* 352 F.3d at 858-59. Petitioner has not shown that, but for plea counsel's errors, he would not have pleaded guilty. *See Hill v. Lockhart,* 474 U.S. at 58-59.

Furthermore, Petitioner's "actual innocence" claim does not require rejection of the PCR court's determination that his plea was voluntary. Initially, such a claim is irrelevant to this fully exhausted Ground because, in the area of habeas corpus, "actual innocence" is not an independent claim, but only a method of excusing default, and the State does not argue that Ground Three is procedurally barred. *See O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997). Nevertheless, the claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Petitioner has not presented any new, additional evidence to support his claims of "actual innocence" that was not available to him at the time of the plea. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750); *see also Weeks v. Angelone*, 176 F.3d 249, 269. Under these circumstances, he fails to show that his convictions should be vacated as being manifestly unjust. *Royal v. Taylor*, 188 F.3d 239, 244

33

(4th Cir. 1999). Accordingly, the undersigned recommends that Petitioner's Motion for Summary Judgment be denied and that Respondent's Motion for Summary Judgment be granted as to Ground Three.

IV.    Conclusion

The undersigned has considered all three of Petitioner's Grounds for habeas relief and recommends that the Petition be dismissed. It is recommended that Petitioner's Motion for Summary Judgment, ECF No. 44, be DENIED, that Respondent's Motion for Summary Judgment, ECF No. 28, be GRANTED, and that the Petition in this case be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


April 8, 2016                            Kaymani D. West
Florence, South Carolina                 United States Magistrate Judge

**The parties' attention is directed to the important notice on the following page.**

34

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).